RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008
Telephone:  650-838-2000
Facsimile:  650-838-2001

CASONDRA K. RUGA (Ca. Bar No. 237597)
casondra.ruga@alston.com
ALSTON & BIRD LLP
333 South Hope Street
Sixteenth Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100

*Attorneys for Applicant Nokia Corporation*

Filed
OCT 1 5 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

*In re Ex Parte* Application of Nokia Corporation,

Applicant,

For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Google Inc. for use in Foreign Proceeding.

Case No.: CV 13 80217 MISC.

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM

[Declaration of Casondra K. Ruga; and (Proposed) Order filed concurrently herewith]

Nokia Corporation ("Nokia"), applies to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 granting leave to obtain targeted discovery from Google Inc. ("Google") for use in foreign litigation between Nokia and HTC Corporation and its subsidiaries ("HTC").[1] This application is supported by the memorandum of points and authorities below and the Declaration of Casondra K. Ruga ("Ruga Decl.") filed concurrently herewith. Though not required for this *ex parte* application, Nokia has provided courtesy notice of its intent to file this application to Google and HTC Corporation. (Ruga Decl., ¶ 22.) Section IV provides additional information on the appropriateness of pursuing and granting this application *ex parte*. The proposed subpoena is attached to this application as Exhibit A.

## I. INTRODUCTION

Nokia is pursuing multiple patent infringement actions against HTC in England and Germany. In support of that litigation, Nokia has previously sought from this Court narrowly tailored discovery from Google regarding Google-supplied features in the HTC products and features at issue in several pending foreign cases. *See In re Ex Parte Application of Nokia Corporation*, Case No. 5:13-mc-80167-EJD (HRL). Since filing its previous application, Nokia filed a new patent infringement action against HTC in the Düsseldorf Regional Court of Germany. This new German action relates to navigation technology not at issue in Nokia's prior subpoena application, including the use of Google Maps and Google Navigation in HTC devices sold in Germany. Nokia therefore submits this new application seeking narrowly tailored discovery from Google relating to these features that Google supplies for HTC products.

Nokia brings this application for leave to obtain requested discovery under 28 U.S.C. § 1782, which permits interested parties, such as Nokia, to obtain discovery from companies located within the United States for use in foreign litigation. Section 1782 has three statutory requirements, all of which are satisfied in Nokia's application. First, the application is filed in "the district in which [the] person resides" because Google is headquartered in Mountain View, California. 28 U.S.C. §1782(a). Second, Nokia seeks the discovery "for use in a proceeding in a foreign . . . tribunal,"

---

[1] HTC Corp., HTC Europe Co. Ltd., and HTC Germany GmbH are all named defendants.

1

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING

specifically in the Düsseldorf Regional Court in Germany. *Id.* Third, Nokia is a party to the foreign proceeding and therefore an "interested person[]." *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common example of "interested persons").

Moreover, all factors identified by the Supreme Court to guide a court's discretion in analyzing Section 1782 applications favor granting Nokia's request. Specifically, Google is not a party to the German proceeding, and Section 1782 provides an effective mechanism for obtaining this targeted discovery.[2] In addition: (i) the foreign jurisdiction at issue is receptive to the type of discovery sought by Nokia; (ii) the discovery provides key information for the foreign proceeding; (iii) the request is not made to circumvent any limitation on discovery imposed by the foreign court; and (iv) the proposed discovery requests are narrowly tailored and are not unduly intrusive or burdensome.

To the extent the documents requested contain confidential business information, Nokia will agree to reasonable measures to protect the information from disclosure, as may be appropriate. Accordingly, Nokia respectfully requests that the Court enter an order permitting Nokia to serve the subpoena, attached as Exhibit A to this application.

## II.   JURISDICTION (CIVIL L.R. 3-5(a) STATEMENT)

The Court has jurisdiction to hear this request pursuant to 28 U.S.C. § 1782, which provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." Google is headquartered in Mountain View, California, and therefore resides in, and is found in, the Northern District of California.

## III.   INTRADISTRICT ASSIGNMENT (CIVIL L.R. 3-5(b) STATEMENT)

This action should be assigned to the San Jose Division. This application seeks leave to take discovery from Google, which is headquartered in Mountain View. Mountain View is in Santa Clara County and therefore within the San Jose Division. Civil L.R. 3-2(e). The documents

---

[2] Furthermore, even if Google were to intervene in the German proceeding, as it has done in some prior litigation involving Nokia and HTC, no comparable mechanism for obtaining this targeted discovery exists in that proceeding

2

implicated by Nokia's discovery requests are therefore likely to be located within the San Jose Division. *See* Civil L.R. 3-2(c). Applicant Nokia Corp.'s subsidiary Nokia Inc. also maintains an office in the Court's San Jose Division at 200 South Mathilda Ave, Sunnyvale, California.

## IV. APPROPRIATENESS OF *EX PARTE* RELIEF (CIVIL L.R. 7-10)

Nokia's *ex parte* application is the appropriate vehicle for seeking the proposed discovery from Google pursuant to Section 1782. As this Court has explained:

> [I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery [under 28 U.S.C. § 1782] to be conducted ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.

*In re Republic of Ecuador*, 2010 WL 3702427 at *3 (N.D. Cal. Sept. 15, 2010) (internal quotations and citations omitted); *see also In re Roebers*, 2012 WL 2862122 at *2 (N.D. Cal. July 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to §1782."); *In re Republic of Ecuador*, 2010 WL 4027740 at *2 (E.D. Cal. Oct. 14, 2010) (similar). Indeed, other California District Courts have recently granted multiple *ex parte* Section 1782 applications filed by Nokia in support of to foreign proceedings between Nokia and HTC. *See In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653-BEN (WMC), slip op. (S.D. Cal. Nov. 19, 2012) (Ruga Decl., ¶ 9, Exh. 2); *In re Ex Parte Application of Nokia Corp.*, 13-CV-1152-WQH (BLM), slip op. (S.D. Cal. June 24, 2013) (Ruga Decl., ¶ 13, Exh. 6); *In re Ex Parte Application of Nokia Corp.*, 8:13-mc-00011-UA (AN), slip op. (C.D. Cal. May 21, 2013) (Ruga Decl., ¶ 14, Exh. 7).

Nokia's application is ripe for immediate decision, and the Court need not await action from other parties before ruling on Nokia's application. *See In re Republic of Ecuador*, 2010 WL 3702427 at *3.

## V. BACKGROUND

By this application, Nokia seeks a limited scope of technical documents from Google relevant to one Nokia patent asserted against HTC in Germany: EP 0 766 811 B1 ("EP 811 patent").[3] (Ruga Decl., ¶ 2). Nokia's infringement allegations for this patent target HTC products

---

[3] The EP 811 patent is owned by Nokia's subsidiary HERE.

3

equipped with Google's Android operating system software, in connection with Google servers, to provide features of the Google Maps and Google Navigation applications. (*Id.*, ¶ 3). These accused features are provided by Google-supplied, preinstalled software in the accused HTC devices operating in connection with Google servers. (*Id.*). This patent is currently in active litigation against HTC in the German Regional Court of Düsseldorf. (*Id.*, ¶ 5). Google's technical documents relating to these services are therefore important to Nokia's infringement actions against HTC.

Google is not a party to the action for which Nokia seeks discovery (*Id.*, ¶ 6). Even if Google intervenes in the action, discovery comparable to that sought in this application is not available from Google in the German proceeding (*Id.*, ¶ 8). Google's principal place of business is located at 1600 Amphitheatre Parkway in Mountain View, California, 94043, within in the San Jose Division of the Northern District of California. (*Id.*, ¶ 4).

## VI. ARGUMENT

### A. Legal Standard

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The statute may be invoked where: "'(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any interested person." *In re Republic of Ecuador*, 2010 WL 3702427, at *4 (quoting *In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)); *see also In re Roebers*, 2012 WL 2862122.

4

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1782 applications. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *see also Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

### B. Nokia's Application Satisfies the Statutory Requirements

Nokia's request for discovery meets each of the three statutory requirements. First, the person from whom discovery is sought, Google, "resides or is found" in this District because its principal place of business is located in this district at 1600 Amphitheatre Parkway in Mountain View, California. 28 U.S.C. § 1782(a); (Ruga Decl., ¶ 4, Exh. 1) (excerpt of Google 2012 10K).

Second, the discovery of technical documents relating to Google-supplied features is sought for the purpose of establishing, at a minimum, Nokia's infringement claims in Nokia's action against HTC in Germany. *See* 28 U.S.C. §1782(a) (requiring that the discovery be sought for a "proceeding before a foreign tribunal."); (Ruga Decl., ¶¶ 1-7). It is well settled that German courts qualify as a "tribunal" for purposes of Section 1782. *See, e.g., Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 93 (3d Cir. 2010) (ordering discovery for use in German civil litigation); *see also Heraeus Kulzer v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011).

Third, as a named party in the foreign actions, Nokia qualifies as an "interested party." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782"); see *also Heraeus Kulzer*, 633 F.3d at 594. Accordingly, Nokia has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's *Intel* Factors Strongly Favor Nokia's Application

In addition to meeting the statutory requirements under Section 1782, the *Intel* factors

5

identified by the Supreme Court also weigh heavily in favor of the Court exercising its discretion to grant Nokia's request for discovery.

### 1. Google Is Not a Party to the German Proceeding.

The first *Intel* factor—whether "the person from whom discovery is sought is a participant in the foreign proceeding"—favors Nokia because Google is not a party to the German litigation. *See Intel*, 542 U.S. at 264 (explaining that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid").[4]

The material sought is technical information in Google's possession and may not be within the foreign tribunals' jurisdictional reach. The possibility that the requested discovery may not be available in the foreign proceeding further justifies Nokia's request.

### 2. Nokia Seeks Highly Relevant Information That Will Assist the Foreign Courts.

The second factor articulated by the *Intel* Court "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceeding involves Nokia's allegations of patent infringement, discovery of technical information regarding the accused features is critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782).

Nokia accuses HTC of infringing the patent at issue based on features implemented in HTC's devices and provided by Google via its software on the HTC device working in concert with Google servers. (*See* Exhibit A (proposed subpoena); Ruga Decl., ¶¶ 2-3.) As a result of these claims,

---

[4] Moreover, even if Google later intervenes in the litigation, German courts do not provide discovery comparable to that sought in this application. *See Heraeus Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures").

6

Nokia seeks discovery relevant to the function of Google's software and servers to enable Nokia to investigate fully and properly assert its infringement claims. More specifically, Nokia has focused its request on features of the Google servers and Android applications involved in providing the accused navigation functionalities. (*See* Exhibit A.)

Moreover, prior cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782. *See e.g.*, *Kulzer*, 390 F. App'x at 93; *Heraeus Kulzer*, 633 F.3d at 597.

### 3. No Foreign Discovery Restrictions Bar Nokia's Requested Discovery

The next Intel factor also weighs in Nokia's favor because this application is not an attempt to circumvent foreign proof-gathering restrictions. *Intel*, 542 U.S. at 260-63. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act." *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996); *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under Section 1782 and observing that a court "can simply refuse to consider any evidence that [1782 applicant] gathers by what might be—under French procedures—an unacceptable practice"); *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

Here, Nokia is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782. To the contrary, U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings. *See, e.g.*, *Kulzer*, 390 F. App'x at 93 (ordering discovery for use in German civil litigation); *Heraeus Kulzer*, 633 F.3d at 594–97 (finding district court erred in denying application seeking discovery for use in German civil litigation).

### 4. Nokia's Discovery Is Narrowly Tailored to Avoid Undue Burden

The *Intel* Court finally noted that "unduly intrusive or burdensome requests may be rejected

7

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING

or trimmed." *Intel*, 542 U.S. at 265. This factor again weighs in Nokia's favor because the proposed discovery requests are narrowly tailored and are not unduly burdensome. Nokia is requesting document discovery targeted to technical documents regarding specific the Google software that provides accused features used in HTC's products (*see generally* Exhibit A; Ruga Decl. ¶¶ 2-3). The universe of responsive documents is thus likely to be reasonably focused and searchable, avoiding any undue burden on Google.

### D. Granting Nokia's Application Will Promote Efficient Discovery

Courts have also considered other evidence bearing on whether the discovery sought accomplishes the goals of the statute, which include "providing efficient means of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (internal quotation omitted). Here, Section 1782 provides an effective means for obtaining the discovery sought by Nokia. *See Kulzer*, 390 F. App'x at 93 (ordering discovery for use in German civil litigation); *Heraeus Kulzer*, 633 F.3d at 594.

Indeed, courts in this Circuit have routinely permitted discovery under Section 1782, when, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief. *See e.g.*, *In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653 BEN (WMC), slip op. (S.D. Cal. Nov. 19, 2012) (Ruga Decl., ¶ 16, Exh. 2); *In re Ex Parte Apple Inc.*, 12-cv-147 LAB (POR), slip op. (N.D. Cal. Jan. 25, 2012) (Ruga Decl., ¶ 17, Exh. 3); *In re Am. Petroleum Institute*, 11-80008- JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Ruga Decl., ¶ 18, Exh. 4); *In re Ecuador*, 2010 WL 3702427, at *2; *London*, 279 F. App'x at 513; *Chevron Corp. v. E-Tech Int'l*, 2010 WL 3584520 (S.D. Cal. Sept. 10, 2010); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Ruga Decl., ¶ 19, Exh. 5).

### VII. CONCLUSION

Nokia seeks narrowly tailored discovery for use in a foreign proceeding. Because Nokia's request satisfies the three statutory requirements of 28 U.S.C. § 1782, and because the *Intel* factors all weigh in favor of granting the application, Nokia respectfully requests that this Court issue an order authorizing the issuance of a subpoena in substantially the same form attached as Exhibit A to

8
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING

this application.

DATED: October 14, 2013

RYAN W. KOPPELMAN
CASONDRA K. RUGA
**ALSTON & BIRD LLP**

_/s/ signature_
ALSTON & BIRD, LLP
Attorneys for Applicant
**Nokia Corporation**

9