1   RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com

2   ALSTON & BIRD LLP
275 Middlefield Road, Suite 150

3   Menlo Park, CA 94025-4008
Telephone: 650-838-2000

4   Facsimile: 650-838-2001

5   CASONDRA K. RUGA (State Bar No. 237597)
casondra.ruga@alston.com

6   ALSTON & BIRD LLP
333 South Hope Street

7   Sixteenth Floor
Los Angeles, CA 90071

8   Telephone: (213) 576-1000
Facsimile: (213) 576-1100

9

10   *Attorneys for Applicant Nokia Corporation*

**Filed**

OCT 1 5 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

11            UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

13   **CV 13   80217 MISC.**

14

15   *In re Ex Parte* Application of Nokia Corporation,

16          Applicant,

17   For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Google Inc. for use in Foreign Proceeding.

Case No.:

**DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF NOKIA CORPORATION'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM**

[Ex Parte Application and Supporting Memorandum; and (Proposed) Order filed concurrently herewith]

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF CASONDRA K. RUGA

I, Casondra K. Ruga, declare as follows:

1.     I am an associate at the law firm of Alston & Bird LLP ("A&B") and counsel to Nokia Corporation ("Nokia"). I make this declaration in support of Nokia's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use In Foreign Proceeding ("Application"). The Application relates to a foreign patent proceeding in Germany before the Düsseldorf Regional Court. I have personal knowledge of the facts set forth below and if called as a witness I could, and would, competently testify thereto.

2.     Nokia's European Patent No. EP 0 766 811 B1 ("EP 811 patent"), owned by its subsidiary HERE, relates to a system and method for providing route guidance and tracking information from a base unit to a mobile unit over wireless, wireline, or optical devises. More particularly, the patent relates to providing a mobile unit with route information which has been calculated at a separate base unit in response to a query from the mobile unit.

3.     The functionalities accused by Nokia of infringing the EP 811 patent include, but are not limited to, Google Maps and Google Navigation, as implemented in HTC's products. These accused features are provided, at least in part, by Google-supplied software in the accused HTC devices operating in connection with Google servers.

4.     Google is headquartered at 1600 Amphitheatre Parkway in Mountain View, California, 94043. A true and correct copy of excerpts from Google's 2012 Form 10-K confirming its principal place of business is attached hereto as **Exhibit 1**.

5.     Nokia is the plaintiff in Regional Court Düsseldorf Case No. 4b O 67/12 asserting infringement of Nokia's EP 811 patent by HTC Corp., HTC Europe Co. Ltd., and HTC Germany GmbH. (hereinafter "Nokia German Action").

6.     Google is not a party to the Nokia German Action listed above.

7.     The Regional Courts in Germany determine liability, and upon a finding of infringement, may enter an injunction and order the infringer to pay damages or an account of profits.

8.     I am informed by Nokia's German counsel that no comparable discovery procedure exists in Germany for obtaining the discovery sought by this application.

1

9.       Attached hereto as **Exhibit 2** is a true and correct copy of a November 19, 2012 order in *In re Ex Parte Application of Nokia Corp. and Nokia GmbH.*, 12-cv-2653 BEN (WMC) (S.D. Cal.).

10.      Attached hereto as **Exhibit 3** is a true and correct copy of a January 25, 2012 order in *In re Ex Parte Apple*, 12cv147 LAB (POR) (S.D. Cal.).

11.      Attached hereto as **Exhibit 4** is a true and correct copy of an April 7, 2011 order in *In re Ex Parte Am. Petroleum Institute*, 11-80008-JF (PSG) (N.D. Cal.).

12.      Attached hereto as **Exhibit 5** is a true and correct copy of a September 19, 2008 order in *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142 (N.D. Cal.).

13.      Attached hereto as **Exhibit 6** is a true and correct copy of a June 24, 2013 order in *In re Ex Parte Application of Nokia Corp.*, 13-CV-1152-WQH (BLM), slip op. (S.D. Cal.).

14.      Attached hereto as **Exhibit 7** is a true and correct copy of a May 21, 2013 order in *In re Ex Parte Application of Nokia Corp.*, 8:13-mc-00011-UA (AN), slip op. (C.D. Cal.).

15.      I am informed that on October 14, 2013, Nokia's counsel at Reimann Osterrieth Köhler Haft provided counsel for HTC Corporation, HTC Europe Co. Ltd. and HTC Germany GmbH, Hogan Lovells International LLP, and counsel for Google Inc., Quinn Emmanuel, courtesy notice that Nokia would be filing the instant Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of October, 2013, at Los Angeles, California.

Casondra K. Ruga

DECLARATION OF CASONDRA K. RUGA IN SUPPORT OF EX PARTE APPLICATION

# EXHIBIT 1

10-K 1 d452134d10k.htm FORM 10-K

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

---

## FORM 10-K

---

(Mark One)

☒ ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended December 31, 2012

OR

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

Commission file number: 000-50726

# Google Inc.

(Exact name of registrant as specified in its charter)

| Delaware | 77-0493581 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

1600 Amphitheatre Parkway
Mountain View, CA 94043
(Address of principal executive offices) (Zip Code)

(650) 253-0000
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Class A Common Stock, $0.001 par value | Nasdaq Stock Market LLC (Nasdaq Global Select Market) |

Securities registered pursuant to Section 12(g) of the Act:

Title of each class
Class B Common Stock, $0.001 par value
Options to purchase Class A Common Stock

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐   No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Website, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).   Yes ☒   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§229.405 of this chapter) is not contained herein, and will not be contained, to the best of the registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this

Form 10-K.   ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer  ☒    Accelerated filer  ☐    Non-accelerated filer  ☐    Smaller reporting company  ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).   Yes ☐   No ☒

At June 30, 2012, the aggregate market value of shares held by non-affiliates of the registrant (based upon the closing sale price of such shares on the Nasdaq Global Select Market on June 29, 2012) was $134,705,433,770.

At January 23, 2013, there were 267,500,149 shares of the registrant's Class A common stock outstanding and 62,163,063 shares of the registrant's Class B common stock outstanding.

## DOCUMENTS INCORPORATED BY REFERENCE

Portions of the registrant's Proxy Statement for the 2013 Annual Meeting of Stockholders are incorporated herein by reference in Part III of this Annual Report on Form 10-K to the extent stated herein. Such proxy statement will be filed with the Securities and Exchange Commission within 120 days of the registrant's fiscal year ended December 31, 2012.

Google Inc.

Form 10-K

For the Fiscal Year Ended December 31, 2012

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Note About Forward-Looking Statements |  | 1 |
| **PART I** |  |  |
| Item 1. | Business | 3 |
| Item 1A. | Risk Factors | 10 |
| Item 1B. | Unresolved Staff Comments | 25 |
| Item 2. | Properties | 25 |
| Item 3. | Legal Proceedings | 25 |
| Item 4. | Mine Safety Disclosures | 25 |
| **PART II** |  |  |
| Item 5. | Market for Registrant's Common Equity, Related Stockholder Matters and Issuer Purchases of Equity Securities | 26 |
| Item 6. | Selected Financial Data | 29 |
| Item 7. | Management's Discussion and Analysis of Financial Condition and Results of Operations | 30 |
| Item 7A. | Quantitative and Qualitative Disclosures About Market Risk | 49 |
| Item 8. | Financial Statements and Supplementary Data | 51 |
| Item 9. | Changes in and Disagreements With Accountants on Accounting and Financial Disclosure | 91 |
| Item 9A. | Controls and Procedures | 91 |
| Item 9B. | Other Information | 91 |
| **PART III** |  |  |
| Item 10. | Directors, Executive Officers and Corporate Governance | 92 |
| Item 11. | Executive Compensation | 92 |
| Item 12. | Security Ownership of Certain Beneficial Owners and Management and Related Stockholder Matters | 92 |
| Item 13. | Certain Relationships and Related Transactions, and Director Independence | 92 |
| Item 14. | Principal Accounting Fees and Services | 92 |
| **PART IV** |  |  |
| Item 15. | Exhibits, Financial Statement Schedules | 93 |

i

Table of Contents

## NOTE ABOUT FORWARD-LOOKING STATEMENTS

This Annual Report on Form 10-K contains forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995. These statements include, among other things, statements regarding:

- the growth of our business and revenues and our expectations about the factors that influence our success and trends in our business;

- seasonal fluctuations in internet usage and traditional retail seasonality, which are likely to cause fluctuations in our quarterly results;

- our plans to continue to invest in systems, facilities, and infrastructure, to increase in our hiring and provide competitive compensation programs, as well as to continue our current pace of acquisitions;

- the potential for declines in our revenue growth rate;

- our expectation that growth in advertising revenues from our websites will continue to exceed that from our Google Network Members' websites, which will have a positive impact on our operating margins;

- our expectation that we will continue to pay most of the fees we receive from advertisers to our Google Network Members;

- our expectations about the impact of our acquisition of Motorola Mobility Holdings, Inc. (Motorola) on our results and business and our ability to realize the expected benefits from the acquisition and successfully implement our plans and expectations for Motorola's business;

- our expectation that we will continue to take steps to improve the relevance of the ads we deliver and to reduce the number of accidental clicks;

- fluctuations in aggregate paid clicks and average cost-per-click;

- our belief that our foreign exchange risk management program will not fully offset the exposure to fluctuations in foreign currency exchange rates;

- the increase of costs related to hedging activities under our foreign exchange risk management program;

- our expectation that our cost of revenues, research and development expenses, sales and marketing expenses, and general and administrative expenses will increase in dollars and may increase as a percentage of revenues;

- our potential exposure in connection with pending investigations and proceedings;

- our expectations about our board of directors' intention to declare a dividend of shares of the new Class C capital stock, as well as the timing of that dividend, if declared and paid;

- our expectation that our traffic acquisition costs will fluctuate in the future;

- our continued investments in international markets;

- estimates of our future compensation expenses;

- fluctuations in our effective tax rate;

- the sufficiency of our sources of funding;

- our payment terms to certain advertisers, which may increase our working capital requirements;

- fluctuations in our capital expenditures;

- our expectations about the timing of disposition of the Home business;

as well as other statements regarding our future operations, financial condition and prospects, and business strategies. Forward-looking statements may appear throughout this report, including without limitation, the

1

following sections: Item 1 "Business," Item 1A "Risk Factors," and Item 7 "Management's Discussion and Analysis of Financial Condition and Results of Operations." Forward-looking statements generally can be identified by words such as "anticipates," "believes," "estimates," "expects," "intends," "plans," "predicts," "projects," "will be," "will continue," "will likely result," and similar expressions. These forward-looking statements are based on current expectations and assumptions that are subject to risks and uncertainties, which could cause our actual results to differ materially from those reflected in the forward-looking statements. Factors that could cause or contribute to such differences include, but are not limited to, those discussed in this Annual Report on Form 10-K, and in particular, the risks discussed under the caption "Risk Factors" in Item 1A and those discussed in other documents we file with the Securities and Exchange Commission (SEC). We undertake no obligation to revise or publicly release the results of any revision to these forward-looking statements, except as required by law. Given these risks and uncertainties, readers are cautioned not to place undue reliance on such forward-looking statements.

As used herein, "Google," "we," "our," and similar terms include Google Inc. and its subsidiaries, unless the context indicates otherwise.

"Google" and other trademarks of ours appearing in this report are our property. This report contains additional trade names and trademarks of other companies. We do not intend our use or display of other companies' trade names or trademarks to imply an endorsement or sponsorship of us by such companies, or any relationship with any of these companies.

2

Table of Contents

PART I

## ITEM 1.  BUSINESS

### Overview

Google is a global technology leader focused on improving the ways people connect with information. We aspire to build products and provide services that improve the lives of billions of people globally. Our mission is to organize the world's information and make it universally accessible and useful. Our innovations in web search and advertising have made our website a top internet property and our brand one of the most recognized in the world.

Our Motorola business is comprised of two operating segments. The Mobile segment is focused on mobile wireless devices and related products and services. The Home segment is focused on technologies and devices that provide video entertainment services to consumers by enabling subscribers to access a variety of interactive digital television services.

We generate revenue primarily by delivering relevant, cost-effective online advertising. Businesses use our AdWords program to promote their products and services with targeted advertising. In addition, the third parties that comprise the Google Network use our AdSense program to deliver relevant ads that generate revenues and enhance the user experience. We also generate revenues from Motorola by selling hardware products.

In December 2012, we entered into an agreement with Arris Group, Inc. (Arris) and certain other persons providing for the disposition of our Motorola Home segment. The transaction is expected to close in 2013.

Our business is primarily focused around the following key areas: search, advertising, operating systems and platforms, enterprise and hardware products.

We were incorporated in California in September 1998 and reincorporated in Delaware in August 2003. Our headquarters are located at 1600 Amphitheatre Parkway, Mountain View, California 94043, and our telephone number is (650) 253-0000. We completed our initial public offering in August 2004 and our Class A common stock is listed on the Nasdaq Global Select Market under the symbol "GOOG."

### 2012 Corporate Highlights

- Android—The growth of our Android operating system continues to impress with approximately half a billion Android devices activated globally through September 2012.
- Google Play—We launched Google Play, an entirely cloud-based, digital entertainment destination with more than 700,000 apps and games plus music, movies and books that our users can find, enjoy and share on the web and on their Android phone or tablet.
- Social—"Growing the + and shipping the Google." In 2011, we launched Google+, a new way to share online just like users do in the real world, sharing different things with different people. In late 2011 and continuing in 2012, we have tightened integration between Google+ and our other Google properties, such as Gmail and YouTube and now have 235 million active users across our Google properties.
- Nexus 7 Tablet—We launched a powerful new tablet in June 2012 with a vibrant, 7" high-definition display. The Tegra-3 chipset, with a quad-core CPU and 12-core GPU, makes everything, including games, extremely fast. And at only 340 grams, lighter than most tablets, Nexus 7 was built to bring users the best of Google that can be held in the palm of the user's hand.
- Google Now—We introduced Google Now, a predictive search feature that gets you just the right information at just the right time. It tells you the day's weather before you start your day, how much traffic to expect before you leave for work or school, when the next train will arrive as you're standing on the platform, or your favorite team's score while they're playing – all automatically with cards appearing throughout the day at the moment you need them.

# EXHIBIT 2

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  *In re* Ex Parte Application of      )  Civil No. 12cv2653 BEN(WMc)
                                          )
12  NOKIA CORPORATION; NOKIA GMBH,        )  **ORDER GRANTING EX PARTE**
                                          )  **APPLICATION FOR AN ORDER**
13                                        )  **PURSUANT TO 28 U.S.C. § 1782**
                       Applicants,        )  **GRANTING LEAVE TO OBTAIN**
                                          )  **DISCOVERY FOR USE IN FOREIGN**
14                                        )  **PROCEEDINGS [ECF NO. 2.]**
                                          )
15  For an Order Pursuant to 28           )
    U.S.C. § 1782 Granting Leave to       )
16  Obtain Discovery from Qualcomm        )
    Incorporated for Use in Foreign       )
17  Proceedings                           )
    _____      )

18

19        On October 17, 2012, Plaintiffs Nokia Corporation and Nokia

20  GmbH (collectively "Nokia") filed an "Ex Parte Application for an

21  Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain

22  Discovery for Use in Foreign Proceedings and Supporting Memorandum"

23  [ECF Nos. 1, 2].  There, Plaintiffs seek an order allowing them to

24  obtain documents from Qualcomm Incorporated ("Qualcomm") in

25  connection with two patent cases pending in Manheim, Germany

26  between: (1) S3 Graphics Co., Ltd. and Nokia; and (2) HTC

27  Corporation and Nokia.  (Ex Parte Appl. 2, ECF No. 2.)

28

                               1

12cv2653 BEN(WMc)

1   The Court, having fully considered the Application, and good
2   cause appearing:

3   **HEREBY GRANTS the Application of Nokia.**

4   **IT IS HEREBY ORDERED THAT NOKIA IS GRANTED LEAVE TO** serve the
5   subpoena for documents attached as Exhibit A to the Application,
6   directing Qualcomm to produce the documents requested in the
7   subpoena at the offices of counsel for Nokia, Alston & Bird LLP c/o
8   Casondra K. Ruga, 333 South Hope Street, 16th Floor, Los Angeles, CA
9   90071, or another location mutually agreeable to Nokia and
10  Qualcomm.

11  It is further ORDERED that copies of the Application and
12  Memorandum in Support thereof and this Order shall be mailed to the
13  following:

14      Qualcomm Incorporated
15      5775 Morehouse Drive, San Diego, California 92121

16

17  **IT IS SO ORDERED.**
18  DATED: November 19, 2012

19                                  *W McCurine Jr.*

20                                  Hon. William McCurine, Jr.
21                                  U.S. Magistrate Judge
                                    United States District Court

22

23

24

25

26

27

28

2

000012

12cv2653 BEN(WMc)

# EXHIBIT 3

1

2            12 JAN 25  AM 8: 31

3

4                                      W3              DEPUTY

5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12                                      12 CV 147-LAB(POR)

13    *In re* Ex Parte Application of        Case No.: 12CV0580 JAH POR

14    APPLE INC.; APPLE RETAIL GERMANY
      GMBH; and APPLE SALES
15    INTERNATIONAL,                    ORDER GRANTING APPLE'S
                                        EX PARTE APPLICATION FOR
16                                      AN ORDER PURSUANT TO 28
              Applicants,               **U.S.C. § 1782 GRANTING LEAVE TO**
17                                      **OBTAIN DISCOVERY FOR USE IN**
      For an Order Pursuant to 28 U.S.C. § 1782   **FOREIGN PROCEEDINGS**
18    Granting Leave to Obtain Discovery from
      Qualcomm Incorporated for Use in Foreign
19    Proceedings.

20

21

22

23

24

25

26

27

28
                                              ORDER RE EX PARTE APPLICATION
                                              ORDER PURSUANT TO
                                              28 U.S.C. § 1782

This matter comes before the Court on the *Ex Parte* Application of Apple Inc.; Apple Retail Germany GmbH; and Apple Sales International ("Apple") for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the "Application"), which seeks documents from Qualcomm Incorporated ("Qualcomm") in connection with various foreign patent litigations pending between Apple and Motorola, Inc., Motorola Mobility, Inc. and their affiliates.

The Court, having fully considered the papers on file and submitted herewith, and good cause appearing:

**HEREBY GRANTS** the Application of Apple.

**IT IS HEREBY ORDERED THAT APPLE IS GRANTED LEAVE TO** issue a subpoena for documents in substantially the form attached as Exhibit B to the Application, directing Qualcomm to produce the documents requested in the subpoena at the offices of counsel for Apple, Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California 94304 or another location mutually agreeable to Apple and Qualcomm.

It is further ORDERED that copies of the Application and Memorandum in Support thereof and this Order shall be mailed to the following:

> Qualcomm Incorporated
> 5775 Morehouse Drive, San Diego, California, 92121

**IT IS SO ORDERED.**

Dated: 1/24/12

United States Magistrate Judge

ORDER RE EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

# EXHIBIT 4

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   IN RE *EX PARTE* APPLICATION OF        )      Case No.: C 11-80008 JF (PSG)
     AMERICAN PETROLEUM INSTITUTE           )
13   FOR ORDER TO OBTAIN DISCOVERY          )      **ORDER GRANTING *EX PARTE***
     FOR USE IN FOREIGN PROCEEDINGS         )      **APPLICATION FOR ORDER**
14                                          )      **PURSUANT TO 28 U.S.C. § 1782(A)**
                                            )
15                                          )      **(Re: Docket No. 1)**
                                            )
16   _____)

17          American Petroleum Institute ("API") has applied to this court for an order to obtain

18   discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a).  API seeks an order to

19   authorize a subpoena requiring Google Inc. ("Google"), a resident of Mountain View, California, to

20   provide documents for use in connection with six cases in China involving copyright, trademark, and

21   unfair competition claims asserted against the owners of the engineeringsky.com website

22   ("Engineeringsky").  API argues that because Engineeringsky advertises its website online via

23   Google, Google has information relevant to API's actions against Engineeringsky in China.  The

24   proposed subpoena seeks documents sufficient to identify:

25      1.   all of Engineeringsky's sponsored-link advertisements distributed by Google;
        2.   the amount and dates of Engineeringsky's payments to Google;
26      3.   the search terms that generated Google's display of the Engineeringsky's sponsored-link
             advertisements on Google's main google.com website;
27      4.   the domain names which identify the Publishers' Websites on which Engineeringsky's
             sponsored-link advertisements appeared and/or appear;
28      5.   the Publishers' names and contact information, including, but not limited to, the Publishers
             for the apistandards.com website; and

6.  the amounts of Google's payments to each of the Publishers, including, but not limited to, the Publishers for the apistandards.com website.

## I. LEGAL STANDARD

A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[1]

However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so.[2] The Supreme Court has identified several factors that a court should take into consideration in ruling on a § 1782 request:

> "(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests."[3]

It is common for the process of presenting the request to a court to obtain the order authorizing discovery to be conducted *ex parte*.[4] Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.[5]

## II. DISCUSSION

### A. AUTHORITY TO ISSUE SUBPOENA

As stated above, a district court is authorized to grant a § 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to

---

[1] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[2] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[3] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (*citing Intel*, 542 U.S. at 264-65).

[4] *See In re Republic of Ecuador*, 2010 WL 3702427, at *2

[5] *Id.*

which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[6]

The court has reviewed API's application and has preliminarily determined that the statutory requirements have been satisfied. First, Google is located in Mountain View, California, which is located in this district. Second, there are six court actions that have been initiated against Engineeringsky in China.[7] Finally, there can be no real dispute that API qualifies as an interested person because it is the plaintiff in the cases in China.[8]

**B. DISCRETIONARY FACTORS**

Having concluded that it has the authority to issue the subpoena, the court now turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena. The court makes the preliminary determination that these factors largely weigh in favor of issuance of the subpoena.

**1. JURISDICTIONAL REACH OF FOREIGN TRIBUNAL**

The Supreme Court has noted that,

> "when the person from whom discovery is sought is a participant in the foreign proceeding ..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."[9]

In the instant case, Google is not a party in the China cases, and therefore this factor weighs in API's favor.

**2. NATURE AND RECEPTIVITY OF FOREIGN TRIBUNAL**

---

[6] See 28 U.S.C. § 1782(a); In re Republic of Ecuador, No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[7] See 1/14/11 B. Brett Heavner Decl. ¶ 5 (Docket No. 2).

[8] Intel, 542 U.S. at 256 (stating that an interested person under § 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is "[n]o doubt [that] litigants are included among, and may be the most common example").

[9] Id. at 264.

API argues that China would be receptive to U.S. federal-court jurisdictional assistance. In support of this argument, API points outs that the Law of Civil Procedure of the People's Republic of China allows for discovery in litigation, and thus there is no reason to believe that the Chinese court would be unreceptive to evidence collected through discovery conducted pursuant to this subpoena.[10]  The court does not have sufficient evidence to determine whether China would be receptive to U.S. federal-court jurisdictional assistance.  This factor therefore is treated as neutral.

**3. ATTEMPT TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS AND POLICIES**

There is nothing to suggest that API's § 1782 request is an attempt to circumvent foreign proof-gathering restrictions.  API represents that no such restrictions or policies exist and the requested discovery is consistent with the type of discovery available in the Chinese proceedings. Accordingly, this factor weighs in API's favor.

**4. UNDUE INTRUSION OR BURDEN**

API has requested six categories of documents, that on their face, do not appear to be unduly intrusive or burdensome and appear to be related to the claims in the Chinese proceedings.

### III. CONCLUSION

For the reasons discussed above, API's application is GRANTED.  API may serve the subpoena attached as Exhibit B to its application, without prejudice to any motion to quash that Google or any other appropriate party may wish to file.

Dated: April 7, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See* 1/14/11 *Ex Parte* Application at 7:18-8:1 (Docket No. 1).

# EXHIBIT 5

*E-FILED 9/19/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KWONG MEI LAN MIRANA,

               Applicant,

    v.

BATTERY TAI-SHING CORP., et al.,

           Respondents.

_____/

NO. C 08-80142 MISC. JF (RS)

**ORDER GRANTING
APPLICATION FOR ISSUANCE
OF SUBPOENAS UNDER 28
U.S.C. § 1782**

     In connection with divorce litigation now pending before the District Court of Hong Kong SAR, Matrimonial Cases No. 6100 of 2006, before the Court is the application of Kwong Mei Lan Mirana for an order under 28 U.S.C. § 1782 permitting her to serve subpoenas directing respondents to produce documents, to produce corporate representatives, and to appoint counsels Kathleen V. Fisher, William N. Hebert, and Seung Lee to issue, sign, and serve such subpoenas upon respondents. Good cause appearing, it is hereby ordered that:

     (1) Kwong may serve subpoenas in substantially the same form attached as Exhibits 1-11 to her application. The subpoenas shall specify the date for production of documents not less than 45 days after service.

     (2) Fisher, Hebert, and Lee may issue, sign, and serve such subpoenas upon respondents.

     (3) A copy of this order shall be served with the subpoena.

**United States District Court**
For the Northern District of California

1

1    (4) This order is without prejudice to the rights of any person to seek a protective order, or to

2  quash or modify the subpoena under Rule 45 of the Federal Rules of Civil Procedure.  Any motion

3  seeking such relief shall be filed under this case number, and shall be noticed for hearing before the

4  undersigned in conformance with the Civil Local Rules.

5    IT IS SO ORDERED.

6

7  Dated: September 19, 2008

RICHARD SEEBORG
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING APPLICATION FOR ISSUANCE OF SUBPOENAS UNDER 28 U.S.C. § 1782
C 08-80142 MISC. JF (RS)

2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2   Kathleen V. Fisher    kfisher@calvoclark.com, sf-receptionist@calvoclark.com

3   Seung Lee    slee@calvoclark.com, lthornton@calvoclark.com, sf-receptionist@calvoclark.com

4   William N. Hebert    whebert@calvoclark.com, cheryluntalan@calvoclark.com,
    SF-Receptionist@calvoclark.com, swilson@calvoclark.com

5

6   Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the Court's CM/ECF program.

7

8   **Dated: 9/19/08**                                    **Richard W. Wieking, Clerk**

9
                                                          **By:** _____**Chambers**_____
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    ORDER GRANTING APPLICATION FOR ISSUANCE OF SUBPOENAS UNDER 28 U.S.C. § 1782
    C 08-80142 MISC. JF (RS)
                                        3

# EXHIBIT 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of Nokia Corporation, | Case No.: 13CV1152-WQH-(BLM) |
| Applicants, | **ORDER GRANTING NOKIA'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |
| For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Qualcomm Incorporated for use in Foreign Proceedings. | |
| | [ECF No. 1] |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING NOKIA'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

000026

LEGAL02/34099565v2

1        This matter comes before the Court on the *Ex Parte* Application of
2   Nokia Corporation ("Nokia") for an Order to Obtain Discovery for Use in
3   Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the "Application"),
4   which seeks documents from Qualcomm Incorporated ("Qualcomm") in
5   connection with foreign patent litigation pending between Nokia and HTC
6   Corporation, HTC Europe Co. Ltd., and HTC Germany GmbH, (collectively
7   "HTC").   The Court, having fully considered the papers on file, including
8   Qulacomm's Response to Nokia's *Ex Parte* Application Pursuant to 28 U.S.C. §
9   1782, and good cause appearing:
10        **HEREBY GRANTS** the Application of Nokia.
11        **IT IS HEREBY ORDERED THAT NOKIA IS GRANTED**
12   **LEAVE TO** issue a subpoena for documents in substantially the form attached
13   as Exhibit A to the Application, directing Qualcomm to produce the
14   documents requested in the subpoena at the offices of counsel for Nokia,
15   Alston & Bird LLP, c/o Casondra K. Ruga, Esq., 333 South Hope Street, 16th
16   Floor, Los Angeles, California 90071 or another location mutually agreeable
17   to Nokia and Qualcomm.
18        **IT IS FURTHER ORDERED** that copies of the Application and
19   Memorandum in Support thereof and this Order shall be mailed to the following:
20   Qualcomm Incorporated, 5775 Morehouse Drive, San Diego, California 92121.
21        **IT IS SO ORDERED.**
22
23   DATED: June 24, 2013        _____
24                              BARBARA L. MAJOR
25                              United States Magistrate Judge
26
27
28

ORDER GRANTING NOKIA'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS
900927
LEGAL02/34099565v2

1

2   DATED:  May 14, 2013          MICHAEL NEWTON
                                  CASONDRA K. RUGA
3                                 **ALSTON & BIRD LLP**

4                                 /s/  Casondra K. Ruga
                                  _____
5                                 Casondra K. Ruga
                                  Attorneys for Applicant
6                                 **Nokia Corporation**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 2 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _shy_                    DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of Nokia Corporation,<br><br>   Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Broadcom Corporation for use in Foreign Proceedings. | Case No.: 8:13MC11 (AN)<br><br>[PROPOSED] ORDER GRANTING NOKIA'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS<br><br>[Ex Parte Application and Supporting Memorandum; and Declaration of Casondra K. Ruga concurrently herewith] |

LODGED
CLERK, U.S. DISTRICT COURT

MAY 2 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
JR

[PROPOSED] ORDER GRANTING NOKIA'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

000030

LEGAL02/34099558v2

1          This matter comes before the Court on the *Ex Parte* Application of

2    Nokia Corporation ("Nokia") for an Order to Obtain Discovery for Use in

3    Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the "Application"),

4    which seeks documents from Broadcom Corporation ("Broadcom") in

5    connection with foreign patent litigation pending between Nokia and HTC

6    Corporation.  The Court, having fully considered the papers on file and submitted

7    herewith, and good cause appearing:

8          **HEREBY GRANTS** the Application of Nokia.

9          **IT IS HEREBY ORDERED THAT NOKIA IS GRANTED**

10   **LEAVE TO** issue a subpoena for documents in substantially the form attached

11   as Exhibit A to the Application, directing Broadcom to produce the documents

12   requested in the subpoena at the offices of counsel for Nokia, Alston & Bird

13   LLP, c/o Casondra K. Ruga, Esq., 333 South Hope Street, 16th Floor, Los

14   Angeles, California 90071 or another location mutually agreeable to Nokia and

15   Qualcomm.

16         **IT IS SO ORDERED.**

17

18   DATED: _May 21, 2013_

19                      United States Magistrate Judge

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING NOKIA'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

00003

LEGAL02/34099558v2

1 | Respectfully submitted:

2

3 | DATED:  May 20, 2013          MICHAEL NEWTON
                                  CASONDRA K. RUGA
4                                 **ALSTON & BIRD LLP**

5

6                                 Casondra K. Ruga
                                  Attorneys for Applicant
7                                 **Nokia Corporation**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING NOKIA'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

LEGAL02/34099558v2

000082