United States District Court
For the Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NOKIA CORPORATION,<br><br>          Applicant. | Case No.: 5:13-mc-80217-EJD-PSG<br><br>**ORDER DENYING NOKIA'S EX PARTE APPLICATION FOR SUBPOENA OF GOOGLE IN AID OF PROSECUTION OF FOREIGN PATENT LITIGATION**<br><br>**(Re: Docket No. 1)** |

Nokia Corporation ("Nokia") has applied to this court for an order to obtain discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a). Nokia seeks an order authorizing a subpoena to Google Inc. ("Google"), a resident of Mountain View, California, for source code and documents to be used in connection with foreign patent litigation in the Dusseldorf Regional Court of Germany concerning navigation technology provided by Google to HTC. The proposed subpoena would specifically obligate Google to provide:

   (1) Source Code or other Documents sufficient to show how the Accused Functionalities form a Connection with a Mobile Data Network or a Wireless Local Area Network to either (i) send data (including but not limited to user location, map requests, and route requests) to any Google Server or receive data from any Google Server.

   (2) Source Code or other Documents sufficient to show how the Accused Functionalities use any cache to store map, route, and/or location data.

   (3) Source Code or other Documents sufficient to show how the Accused Functionalities store, send, request, or receive map, route, or location data to or from any Google Server.

1

(4) Source Code or other Documents sufficient to show how any Google Server processes any user request, to map or route data stored in the Google Server in order to prepare a response for the user.

(5) Source Code or other Documents sufficient to show how any route or map data is sent from any Google Server to HTC Devices implementing the Accused Functionalities.

(6) Source Code or other Documents sufficient to show how the Accused Functionalities process data received from any Google Server to display maps and routes on HTC Devices.

(7) Source Code or other Documents sufficient to show how the Accused Functionalities compare data received from any Google Server to already cached maps or routes, including how and when any additional data is requested by the Accused Functionalities from any Google Server.

(8) Documents sufficient to decode all data traffic between the Accused Functionalities and any Google Server including but not limited to documents sufficient to show packet formats such as (i) the protobuf format (.proto files) and (ii) the vector map data format.

(9) Technical specifications of the Accused Functionalities, including but not limited to any internal API document, design document, or developer documentation describing the Accused Functionalities.[1]

Nokia maintains that this technology was not at issue in Nokia's earlier subpoena application,[2] which is why it now seeks this discovery.  Google opposes Nokia's application.[3]

## I. LEGAL STANDARDS

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person."[4]

---

[1] Docket No. 1-1, Ex. A.

[2] *See In re Ex Parte Application of Nokia Corp.*, Case No. 5:13-mc-80167-EJD-HRL, Docket No. 1 at 1 (application for subpoena seeking "technical documents and testimony relating to the nature of Google servers and messages that facilitate accused features in HTC products using Google's Android operating system software.").

[3] *See* Docket No. 8.

[4] *In re Republic of Ecuador*, Case No. 3:10-mc-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010); *see* 28 U.S.C. § 1782(a).

However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[5] The Supreme Court has identified several factors that a court should weigh before ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[6]

It is common for parties to request and obtain orders authorizing discovery ex parte.[7] Such "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."[8] Here, Google has taken the somewhat unusual and more proactive step of opposing Nokia's application, rather than waiting to be served with a subpoena, and then moving to quash.

## II. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed Nokia's application and is satisfied that the statutory requirements have been met. First, Google is located in Mountain View, California, which is located in this district. Second, Nokia represents that the discovery sought is for use in foreign proceedings in the

---

[5] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (emphasizing a "district court is not required to grant a § 1782(a) discovery application simply because it has the authority" to do so); *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001) (a "district court's compliance with a § 1782 request is not mandatory").

[6] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (quoting *Intel*, 542 U.S. at 264-65).

[7] *See id.* (quoting *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y.1991) (noting "it is common for 'the process of presenting the request to a court and to obtain the order authorizing discovery' to be conducted" ex parte)).

[8] *Id.* (citations omitted).

3
Case No.: 5:13-mc-80217-EJD-PSG
ORDER DENYING NOKIA'S EX PARTE APPLICATION FOR SUBPOENA OF GOOGLE IN AID OF PROSECUTION OF FOREIGN PATENT LITIGATION

Dusseldorf Regional Court of Germany to establish Nokia's infringement claims in its action against HTC in Germany. Finally, it is undisputed that Nokia qualifies as an interested person because it is a party to the pending foreign litigation. But, as noted above, this is not the end of the inquiry. The court therefore turns to the discretionary factors set forth in *Intel*.

**B.     Discretionary Factors**

    **1.     Jurisdictional Reach of Foreign Tribunal**

The first *Intel* factor considers whether the material sought is within the foreign tribunal's jurisdictional reach.

The Supreme Court explained that,

> [w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[9]

In the instant case, Google is not a party to the German proceeding. Further, Google itself does not suggest that the requested information is within the immediate reach of a German tribunal.

    **2.     Nature and Receptivity of Foreign Tribunal**

Under the second *Intel* factor, district courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[10] In the foreign civil suit against HTC, Nokia asserts its European Patent No. EP 0 766 811 B1 ("the '811 patent") which "relates to a system and method for providing route guidance and

---

[9] *Intel*, 542 U.S. at 264.

[10] *Id.*

4

Case No.: 5:13-mc-80217-EJD-PSG
ORDER DENYING NOKIA'S EX PARTE APPLICATION FOR SUBPOENA OF GOOGLE IN AID OF PROSECUTION OF FOREIGN PATENT LITIGATION

tracking information from a base unit to a mobile unit over wireless" devices.[11] Nokia charges that HTC phones running Google Maps and Google Navigation infringe the '811 patent.[12] There appears little doubt that the information requested by Nokia would aid the foreign tribunal in its determination of infringement. Moreover, the German court can exclude evidence of marginal probative value.[13]

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Although Section 1782 does not require the documents sought to be discoverable in the foreign court, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[14] Nothing in Nokia's request facially attempts to circumvent foreign proof-gathering restrictions.[15]

### 4. Undue Intrusion or Burden

The court now turns to heart of Google's challenge: the unbridled nature of Nokia's request. Nokia seeks information about nothing less than (1) all Google servers, regardless of whether they are owned or operated by Google directly or indirectly, (2) all forthcoming versions of Google Maps and Google Navigation implemented on any HTC product, and (3) "all 'Connections' whether 'viewed by Google as direct or indirect' with any 'Mobile Data Network,' which 'shall mean any cellular or mobile network for providing digital data service . . . including but not limited to any mobile exchange or other components of said network' or a 'Wireless Local Area Network,' which 'shall mean any wireless local area network for

---

[11] Docket No. 2 at ¶ 2 (Declaration of Casondra K. Ruga).

[12] *See* Docket No. 1.

[13] *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (noting "German judges can disregard evidence that would waste the court's time").

[14] *See Intel*, 542 U.S. at 260-63, 265.

[15] *See* Docket No. 1 at 7 ("Nokia is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782.").

5
Case No.: 5:13-mc-80217-EJD-PSG
ORDER DENYING NOKIA'S EX PARTE APPLICATION FOR SUBPOENA OF GOOGLE IN AID OF PROSECUTION OF FOREIGN PATENT LITIGATION

providing digital data service, including but not limited to IEEE 802.11 (WiFi) networks and components thereof.'"[16] With no copy of the German complaint or other pleading regarding Nokia's infringement contentions, the court agrees with Google that these demands would impose an undue burden. While Nokia suggests that any undue burden can be mitigated in meet-and-confer, or addressed in a motion to quash, Nokia's position overlooks its burden to come to the court with narrowly-tailored requests in the first instance. It is no substitute to kick the can down the road – especially when Google has appeared before the court to address the scope of the requests up front. Because Nokia's subpoena application is not narrowly tailored, and appears highly intrusive as well as unduly burdensome, this factor weighs strongly against Nokia's request.

In light of the overly broad nature of Nokia's subpoena request, Nokia's application is DENIED without prejudice. If Nokia wishes to submit another application, the court will entertain it. Nokia is, however, on notice that its application must be narrowly-tailored, justifying the relief it is seeking.

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] Docket No. 8 at 3 (quoting Docket No. 1-1, Ex. A).

6

Case No.: 5:13-mc-80217-EJD-PSG
ORDER DENYING NOKIA'S EX PARTE APPLICATION FOR SUBPOENA OF GOOGLE IN AID OF PROSECUTION OF FOREIGN PATENT LITIGATION